Martha G. Bronitsky, #127583
Chapter 13 Standing Trustee
Leo G. Spanos, #261837, Staff Attorney
Nima Ghazvini, #254758, Staff Attorney
6140 Stoneridge Mall Rd #250
Pleasanton,CA 94588-4588
(925) 621- 1900
13trustee@oak13.com

Trustee for Debtor(s)

# THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

**In re**

James Amar Singh

Debtor

Chapter 13 Case No. 15-40917-WJL13

Chapter 13 Trustee's Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss Chapter 13 Case

| Plan Objection Information |
|---|

Trustee Objects To: Amended Chapter 13 Plan
Dated: June 17, 2015
Filed: June 22, 2015
Docket#: 45

| Motion To Dismiss Information |
|---|

☒ Trustee Seeks To Dismiss the Case        ☐ Trustee Does Not Seek to Dismiss the Case

**(See II. Motion To Dismiss Below)**

| Case Information |
|---|

Petition Filed: March 23, 2015        Attorney Name: MARK W LAPHAM ATTY

| I. Objection |
|---|

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan on the following grounds:

# (A.) Chapter 13 Plan 11 U.S.C. 1322, 1324, 1325 and 1326

☐ (1) The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C.§1322(a)]

Facts:

☐ (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 507 of this title [11 U.S.C.§1322(a)]

Facts:

☐ (3) The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C.§1322(a)]

Facts:

☐ (4) The plan unfairly discriminates between a class or classes of unsecured claims.[11 U.S.C.§1322(b)]

Facts:

☑ (5) The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor's principal residence. [11 U.S.C.§1322(b)]

Facts: Debtor's Plan seeks to value Wells Fargo's collateral, but Wells Fargo is the hold of the first deed of trust lien against Debtor's residence. Debtor cannot value collateral secured by a first deed of trust lien against his home.

☑ (6) The plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is at least the amount that would be paid on such claim if the estate of the Debtor was liquidated under Chapter 7 of this title on such date. [11 U.S.C.§1325(a)(4)]

Facts: Debtor has sufficient equity in real estate to pay a 100% dividend to unsecured creditors if the estate was liquidated in Chapter 7. Thus, Debtor's 0% Plan does not comply with requirements of Section 1325(a)(4).

☑ (7) The Plan is not feasible. The Debtor will not be able to make all payments under the plan and comply with the plan. [11 U.S.C.§1325(a)(6)]

Facts: Plan is not feasible and cannot be administered by the Trustee. The Plan provides for payments of $2,451.64 per month, but according to Debtor's Schedule J Debtor has a net income of $1,639 per month. Thus Debtor is incapable of making the proposed Plan payments. In addition, the Plan cannot be administered because it provides for Alameda County's secured property tax claims as unsecured claims in Section 2.11 (Class 6 claim).

☐ (8) The Debtor has not paid all domestic support obligation as required by 11 U.S.C.§1325(a)(8).

Facts:

☐ (9) The Debtor(s) have not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9)

Facts:

☐ (10) The plan does not provide for the payment of equal monthly amounts to allowed secured claims. [11 U.S.C.§1325(a)(B)(ii)(I)]

Facts:

☐ (11) The plan has not been proposed in good faith [11 U.S.C. 1325(a)(3)] and/or the action of the Debtor in filing the petition was in bad faith. [11 U.S.C.§1325 (a)(7)]

Facts:

☐ (12) The plan provides for payments to creditors for a period longer than five (5) years [11 U.S.C.§1322(d)]

Facts:

☐ (13) With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C.§ 1325(a)(5)(B)(ii)]

Facts:

☐ (14) Other:

Facts:

| **(B) 11 U.S.C. 1325 (b)(1) Disposable Income** |
|---|

☑ (15) The plan does not provide for all of the Debtor's projected disposable income ("DMI") to be applied to unsecured creditors under the plan.

Facts: Debtor cannot take a deduction of his business expenses in computing the Applicable Commitment Period. Debtor cannot deduct an expense for repaying mortgage arrears when his Plan does not provide for its repayment. The Plan fails to pay DMI even with the errors in computing Debtor's DMI.

| **(C) Local Rules** |
|---|

☑ (16) Debtor failed to file, serve and set a motion to value collateral or failed to obtain the motion to value order.

Facts: Debtor has valued collateral in the Plan, but has not filed Motion to Value.

☐ (17) Debtor failed to utilize the standard form Chapter 13 Plan effective 08/01/2013.

Facts:

☑ (18) The plan provides for the payments of fees in excess of the fixed compensation allowed by the Oakland Division Fee Guidelines.

Facts: Debtor's Plan indicates that Debtor's Attorney was paid $2,500 in retainer, but this is not reflected in the Attorney's Fee Disclosure forms.

☐ (19) Other

Facts:

## II. Motion to Dismiss Chapter 13 Case

The Trustee seeks dismissal of the Chapter 13 Petition on the following grounds:

☐ (1) Payments to the Trustee are not current under the Debtor(s) proposed plan. [11 U.S.C.§1307(c)(1), (4) and/or (c) (6)]

Facts:

☑ (2) Unreasonable delay by the Debtor that is prejudicial to creditors. [11 U.S.C.§ 1307(c)(1)]

Facts: Debtor has yet to serve a Chapter 13 Plan on creditors since filing this case.

☑ (3) Failure to file or provide documents to the Trustee as required by 11 U.C.S.§ 521(a)(1), (3), or (4). [11 U.S.C.§ 1307 (c); 11 U.S.C. 521

Facts: Debtor has not provided the Trustee with Pay Advices. Debtor has also not complied with the Trustee's Examination of Debtor's Business.

☐ (4) Cause: Failure to file tax return .

Facts:

☑ (5) Failure to confirm a Chapter 13 Plan. 11 U.S.C§ [1307(c)(1), (3)]

Facts: Trustee Objection has been previously sustained. Trustee's Motion to Dismiss for Failure to Confirm a Plan is set for Hearing on August 13, 2015 at 1:30 PM.

☐ (6) Other:

Facts:

## Other Documents Filed Concurrently Herewith

☐ Other:

## III. Trustee's Recommendation/Analysis

☒ The current plan is not confirmable and an amended plan will be required to be filed.

☐ A briefing schedule should be set and the parties should file a statement of disputed and undisputed facts.

☐ No confirmable plan can be filed based on the facts of this case.

☐ Other:

**WHEREFORE,** the Trustee requests:

☒ That the Trustee's objection to confirmation of the plan be sustained.

☐ That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☒ That the Debtor's case be dismissed.

Such other and further relief as the court deems proper.

Date: 6/25/2015

/s/ Martha G Bronitsky
Martha G Bronitsky
Chapter 13 Trustee

## Certificate of Service

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtor, Counsel for Debtor, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 25, 2015 /s/ Martha Silva
Martha Silva

James Amar Singh           Mark W Lapham Atty
21 Pembroke Court          751 Diablo Blvd
Oakland, CA 94619          Danville, CA 94526

Debtor                     (Counsel for Debtor)