Martha G. Bronitsky, #127583
Chapter 13 Standing Trustee
Leo G. Spanos, #261837, Staff Attorney
Nima Ghazvini, #254758, Staff Attorney
Po Box 5004
Hayward,CA 94540


Trustee for Debtor(s)

# THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| In re<br>James Amar Singh<br><br><br>Debtor | Chapter 13 Case No. 15-40917-WJL13<br><br>Chapter 13 Trustee's Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss Chapter 13 Case |

## Plan Objection Information

Trustee Objects To: Amended Chapter 13 Plan
Dated: September 10, 2015
Filed: September 11, 2015
Docket#: 67

## Motion To Dismiss Information

☒ Trustee Seeks To Dismiss the Case         ☐ Trustee Does Not Seek to Dismiss the Case

(See II. Motion To Dismiss Below)

## Case Information

Petition Filed: March 23, 2015          Attorney Name: SELWYN D WHITEHEAD ATTY

## I. Objection

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan on the following grounds:

## (A.) Chapter 13 Plan 11 U.S.C. 1322, 1324, 1325 and 1326

☑ (1) The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C.§1322(a)]

Facts: Section 1.01(a) fails to commit Debtor's income to the Plan between months 2 through 5. Debtor has proposed plan payments of $823 for 1 month and after 6 months payments of $2,887.99 for 54 months. It is unclear what the plan payments are for months 2 through 5.

☐ (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 507 of this title [11 U.S.C.§1322(a)]

Facts:

☐ (3) The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C.§1322(a)]

Facts:

☐ (4) The plan unfairly discriminates between a class or classes of unsecured claims.[11 U.S.C.§1322(b)]

Facts:

☐ (5) The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor's principal residence. [11 U.S.C.§1322(b)]

Facts:

☐ (6) The plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is at least the amount that would be paid on such claim if the estate of the Debtor was liquidated under Chapter 7 of this title on such date. [11 U.S.C.§1325(a)(4)]

Facts:

☑ (7) The Plan is not feasible. The Debtor will not be able to make all payments under the plan and comply with the plan. [11 U.S.C.§1325(a)(6)]

Facts: Debtor's Plan is not feasible because Debtor has not demonstrated the ability to make the proposed Plan payments of $2,887.99. Debtor currently has a net income of $823. (Amended Schedule J, Doc. #61). In addition, the Plan is not feasible because it cannot be administered by the Trustee. Each of Alameda County's claims are provided for 3 times in the Plan: Sections 2.04, 2.05, and 2.07. In Section 2.05 the Alameda County claims are valued at zero, yet the Plan provides for their payment. If Debtor seeks to pay the claims and pay ongoing obligations directly to the County, then the claims should be provided for in Section 2.04. It would also assist the administration of the case if each Alameda County claim in the Plan references the respective claim number in the claims registry.

☐ (8) The Debtor has not paid all domestic support obligation as required by 11 U.S.C.§1325(a)(8).

Facts:

☐ (9) The Debtor(s) have not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9)

Facts:

☐ (10) The plan does not provide for the payment of equal monthly amounts to allowed secured claims. [11 U.S.C.§1325(a)(B)(ii)(I)]

Facts:

☐ (11) The plan has not been proposed in good faith [11 U.S.C. 1325(a)(3)] and/or the action of the Debtor in filing the petition was in bad faith. [11 U.S.C.§1325 (a)(7)]

Facts:

☐ (12) The plan provides for payments to creditors for a period longer than five (5) years [11 U.S.C.§1322(d)]

Facts:

☐ (13) With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C.§ 1325(a)(5)(B)(ii)]

Facts:

☑ (14) Other: Mortgage Modification Mediation Program (MMM)

Facts: Debtor's Plan includes a provision for referral to the MMM Program. Pursuant to the Court's Chapter 13 MMM procedures, the Plan cannot be confirmed until after the mediator has filed a Final Report of Mortgage Modification Mediation Program Mediator (Form ND-MMM-201), and if a final loan modification agreement is reached, the Court has entered an Order Granting Motion to Approve Loan Modification Agreement After Completion of Mortgage Modification Mediation Program (Form ND-MMM-109).

**(B) 11 U.S.C. 1325 (b)(1) Disposable Income**

☑ (15) The plan does not provide for all of the Debtor's projected disposable income ("DMI") to be applied to unsecured creditors under the plan.

Facts: Debtor has deducted business expenses from his calculation of the applicable commitment period, or "above the line", rather than from his DMI on Form 22C-2. In addition, Debtor has deducted mortgage arrears payment from his DMI on Line 34 of the Form 22C-2 but the Plan does not provide for payment of arrears. The Ninth Circuit Bankruptcy Appellate Panel held that a Debtor may not deduct ordinary and necessary business expenses from gross receipts in calculating "current monthly income" (as defined under §101(10A)) under the Means Test. In re Wiegand, 386 B.R. 238 (BAP 9th Cir., 2008). Although the Means Test allows these deductions, the BAP held that the form was in conflict with §1325(b)(2)(B) which specifically provides for business expenses as deduction from "disposable income" under §1325(b)(2). Id.

### (C) Local Rules

☐ (16) Debtor failed to file, serve and set a motion to value collateral or failed to obtain the motion to value order.

Facts:

☐ (17) Debtor failed to utilize the standard form Chapter 13 Plan effective 08/01/2013.

Facts:

☑ (18) The plan provides for the payments of fees in excess of the fixed compensation allowed by the Oakland Division Fee Guidelines.

Facts: While Debtor's Attorney's fees are within the Guidelines of the Mortgage Modification Mediation (MMM) program, Debtor's Attorney's Disclosure of Compensation of Attorney for Debtor, or Rule 2016(b) Statement, does not match the balance due per Section 2.03.

☐ (19) Other

Facts:

### II. Motion to Dismiss Chapter 13 Case

The Trustee seeks dismissal of the Chapter 13 Petition on the following grounds:

☐ (1) Payments to the Trustee are not current under the Debtor(s) proposed plan. [11 U.S.C.§1307(c)(1), (4) and/or (c) (6)]

Facts:

☐ (2) Unreasonable delay by the Debtor that is prejudicial to creditors. [11 U.S.C.§ 1307(c)(1)]

Facts:

☐ (3) Failure to file or provide documents to the Trustee as required by 11 U.C.S.§ 521(a)(1), (3), or (4). [11 U.S.C.§ 1307 (c); 11 U.S.C. 521

Facts:

☐ (4) Cause: Failure to file tax return .

Facts:

☐ (5) Failure to confirm a Chapter 13 Plan. 11 U.S.C§ [1307(c)(1), (3)]

Facts:

☐ (6) Other:

Facts:

## Other Documents Filed Concurrently Herewith

☐ Other:

## III. Trustee's Recommendation/Analysis

☑ The current plan is not confirmable and an amended plan will be required to be filed.

☐ No confirmable plan can be filed based on the facts of this case.

☐ A briefing schedule should be set and the parties should file a statement of disputed and undisputed facts.

☐ Other:

**WHEREFORE,** the Trustee requests:

☑ That the Trustee's objection to confirmation of the plan be sustained.

☐ That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☑ That the Debtor's case be dismissed.

Such other and further relief as the court deems proper.

Date: 9/16/2015

/s/ Trustee Martha G. Bronitsky

Trustee Martha G. Bronitsky

Chapter 13 Trustee

## Certificate of Service

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtor, Counsel for Debtor, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | |
|---|---|
| Date: September 16, 2015 | /s/ Lydia Santiago |
| | Lydia Santiago |
| | |
| James Amar Singh | Selwyn D Whitehead Atty |
| 21 Pembroke Court | 4650 Scotia Ave |
| Oakland, CA 94619 | Oakland, CA 94605 |
| | |
| Debtor | (Counsel for Debtor) |